IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAMIAN PEREZ PEREZ,           ) | |
| ) | |
| Petitioner,           ) | |
| ) | |
| v.           ) | Case No. CIV-25-1151-SLP |
| ) | |
| ) | |
| RUSSELL HOLT, et al.,           ) | |
| ) | |
| Respondents.           ) | |

# O R D E R

Before the Court is Petitioner Damian Perez Perez's Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 15], to which Respondents filed a Response [Doc. No. 17] and Petitioner replied [Doc. No. 18]. For the reasons stated below, the Court orders both parties to submit supplemental briefing as addressed herein.

## I.  Background

Petitioner, a Mexican citizen proceeding with counsel, filed a Petition [Doc. No. 1] seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE") related to a removal proceeding initiated by a Notice to Appear dated September 24, 2025 (the "First Removal Proceeding"). On November 5, 2025, United States Magistrate Judge Amanda L. Maxfield entered a Report and Recommendation [Doc. No. 11] (R&R) recommending the Petition be granted in part. Specifically, the R&R recommended that the Court order Respondents to provide Petitioner with an individualized bond hearing before an Immigration Judge (IJ)

1

under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. *Id.* at 27. Further, the R&R recommended the Court decline to decide the merits of Petitioner's due process claim on the basis that he may renew his claim if Respondents do not provide him with a bond hearing or release him within the ordered time.[1] *Id.* at 25. Respondents filed an objection to the R&R. [Doc. No. 14].

After issuance of the R&R but prior to this Court ruling on it, Respondents state that Petitioner received a bond hearing in the First Removal Proceeding on or around December 1, 2025, at which the IJ denied bond.[2] *See* Resp. [Doc. No. 17] at 2 (citing "Bond Order" [Doc. No. 17-2]). Petitioner does not dispute that a bond hearing occurred. *See* Reply [Doc. No. 18] at 2.

Based on the limited record presently before the Court, it further appears that following the denial of bond, Petitioner moved to terminate the First Removal Proceeding. On January 5, 2026, the IJ granted Petitioner's motion and terminated the First Removal Proceeding without prejudice. *See* Termination Order [Doc. No. 15-2]. The IJ noted that the Department of Homeland Security ("DHS") did not oppose termination "given the evidence and information submitted in the record" found that Petitioner had met his burden

---

[1] Petitioner did not file an objection to this recommendation.

[2] The record is unclear as to the precise sequence of events in the First Removal Proceeding and the impetus for those actions. *Compare* [Doc. No. 17-1] (cover letter for Petitioner's Motion for Redetermination of Custody Status with hearing noted to be on November 24, 2025) *and* [Doc. No. 17-2] (order dated December 1, 2025 denying a change in custody status, which Respondents call the "Bond Order") *with* [Doc. No. 17-3] (Petitioner's Notice of Appeal "from the Immigration Judge's decision in bond proceedings dated November 24, **2024**") (emphasis added).

2

of demonstrating he was "clearly and beyond a doubt entitled to admission to the United States and is not inadmissible as charged," and the IJ further observed that Petitioner appeared eligible to apply for adjustment of status under INA § 245(i). *Id.* DHS waived its right to appeal the Termination Order. *Id.*

Petitioner alleges—and Respondents do not dispute—that following termination of the First Removal Proceeding, DHS did not immediately release Petitioner but instead continued to detain him for approximately three days before initiating new removal proceedings in a different immigration court (the "Second Removal Proceeding"). *See* Mot. [Doc. No. 15-1] at 2; Resp. [Doc. No. 17] at 4. The Second Removal Proceeding was initiated by DHS's issuance of a new Notice to Appear dated January 8, 2026. [Doc. No. 15-3]. Petitioner's current and continued detention thus appears to be predicated on the Second Removal Proceeding.

## II. Discussion

In his Motion for TRO, Petitioner seeks immediate release on the ground that DHS lacked authority to continue his detention following termination of the First Removal Proceeding. Mot. [Doc. No. 15-1] at 7. Respondents, in a footnote, now claim that because DHS alleges Petitioner is inadmissible, "DHS contends that the decision to terminate the [First Removal Proceeding] was in error." *See* Resp. [Doc. No. 17] at 3 n.3. While DHS appears to have waived appeal of that decision, *see* [Doc. No. 15-2] at 2, neither party provides the Court with legal authority that analyzes the implication of such purported waiver as it relates to the Second Removal Proceeding.

Further, upon review of the two Notices to Appear, there appear to be material differences in the charging documents. For example, the Notice to Appear in the First Removal Proceeding classifies Petitioner as "an alien present in the United States who has not been admitted or paroled" whose removal is predicated on 8 U.S.C. § 1182(a)(6)(A)(i). *See* [Doc. No. 1-1]. In contrast, the Notice to Appear in the Second Removal Proceeding classifies Petitioner as "an arriving alien" whose removal is predicated on 8 U.S.C. § 1182(a)(6)(A)(i) as well as 8 U.S.C. § 1182(a)(9)(C)(i)(I). *See* [Doc. No. 15-3]. Aside from conclusory statements, the parties do not submit any meaningful analysis of the propriety or impact, if any, of these differences.

Lastly, while the parties each provide some cursory arguments related to whether Petitioner's Motion for TRO and the underlying Petition for Habeas Relief is moot, the arguments are undeveloped. For example, Respondents argue that Petitioner has already received a bond hearing in the First Removal Proceeding and thus, Respondents state without authority that this "*likely* renders this case moot." [Doc. No. 17] at 3 (emphasis added). In response, Petitioner argues, also without authority, that the action is not moot because Petitioner has not been released, which was relief originally requested in his Petition. [Doc. No. 18] at 2. However, neither party meaningfully addresses the procedural history of this case or Petitioner's continued detention as they relate to the question of mootness, particularly in the habeas context. *See e.g., Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1190 (D. Colo. 2014) (recognizing "that a habeas corpus action should not be dismissed as moot if '(1) secondary or "collateral" injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review;

4

(3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.'") (quoting *Riley v. INS,* 310 F.3d 1253, 1257 (10th Cir. 2002)). These exceptions may be especially relevant in the context of an alien detainee requesting a bond hearing during detention. *See e.g.*, *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *6 (C.D. Cal. Dec. 18, 2025) ("By seeking to view this case as moot ignores the reality that Respondents have acted upon and maintain their position that Petitioners are applicants for admission, and thus should be subject to mandatory detention under § 1225(b)(2). This case is very much still live, as Respondents have not demonstrated there is no reasonable expectation that Petitioners will not be re-arrested and re-detained.").

Given the procedural posture of this case and the very limited record before the Court, the Court finds that supplemental briefing is necessary. Specifically, the parties shall provide a more complete recitation and analysis of the procedural and factual summary of this matter, including the current status of Petitioner and any upcoming hearings or matters. The parties shall also provide supplemental briefing supported with relevant legal authority as to the mootness issue, as discussed herein.

IT IS THEREFORE ORDERED that the parties shall submit contemporaneous briefs addressing the issues directed above no later than January 29, 2026. The parties shall file response briefs no later than February 5, 2026. No replies shall be filed unless ordered by the Court.

IT IS FURTHER ORDERED that if Petitioner's status changes (for example, due to release, removal, being provided an additional bond hearing, or otherwise), the parties shall **immediately** notify the Court.

IT IS SO ORDERED this 22nd day of January, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE